Brevard, J.,
delivered the opinion of the whole court, all the judges próseut, except Wilds, J. That in the case against Garrett, the judgment ought to be reversed, and in the case against Hammond, it ought to stand. In the first case the plaintiffs appear to sue as a corporation, and the court are to presume they are so. It is not necessary, in sueiug as a corporate body, to aver that the plaintiffs are legally incorporated, or shew how they were incorporated. If the defendant means to dispute the fact, he ought to deny it by his plea. By demurring, he admits whatever is woH'pleaded. . In this case, the name assumed by the plaintiffs, being proper for a corporation, it must be considered that the action is by a body corporate; and it cannot be presumed that it is the name of a private company, or unincorporated society, because no such society, or company, can sue ate a society, by an artificial name. ■ It would be ridiculous to suppose the name by which the pluiutiffs sue, is the name or names of a natural person, or persons.
As to the case against Hammond, it stands on a different ground. The plea, though informal and incorrect, in many respects, yet is, in substance, a good plea in abatemeut, and amounts to a denial, that there is any such corporation in existence known by the name of The President and Directors of the Bank of Savannah, and entitled to prosecute an action as such, and submits to the court, whether the defendant is bound further to answer. The defendant, by this plea, tenders an issue on the fact, which the plaintiffs ought to have accepted. By demurring, they have admitted the defendant’s plea to be true in substance, and submits the question of law arising thereon, to the court. If the plea be taken as containing a true statement of the fact, the plaintiffs must have judgment against them, because having no right to sue as an artificial person, or corporation, they cannot maintain this action as such. They ought to have sued by their proper names as individuals, or natural per.sons.
Judgment for the plaintiff in the case v. Garrett; and in the case v. Hammond, judgment for the defendant,-that the writ abate.
Note. See 1 Com. Dig. 9J. 1 Salk. 212. 4 Bac. 51. 1 Bac. Tit. Abatement. 1 Saund. 340, a. 3d ed., and the notes. It seems a corporation m declaring, ought to state that they are a body politic. 1 Bos. and P. 40. 3 Caines, 3.